**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS A. MOLLERUS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-CV-1769-JCH |
| | ) | |
| ST. LOUIS COUNTY COURTS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Thomas A. Mollerus, Jr. for leave to commence this civil action without prepayment of the required filing fee. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed this action on the Court's "Civil Complaint" form against St. Louis County Courts alleging a violation of his due process rights. ECF No. 1. Plaintiff alleges "during the 4 year period 1997-2000" the "St. Louis County Police would write various summons against [him] (mostly false) for which [he] would be required to appear for court at various St. Louis County locations." *Id.* at 5. Plaintiff states he was homeless during this period and was "unable to keep reappearing to plea again and again and was arrested and incarcerated various times as a fugitive." *Id.* Plaintiff alleges he "pled guilty to charges that [he] did/do not believe [he was] guilty of." *Id.*

2

Plaintiff states his "reputation has been damaged by an incorrect record of guilt" and he seeks his "record be expunged because the guilty pleas were coerce[d] by indefinite false incarceration." *Id.*

## Discussion

Having carefully reviewed the complaint, the Court concludes plaintiff's due process claim against defendant St. Louis County Courts must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. However, these statutes differ in both scope and operation. Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by plaintiff to see what type of action he is seeking. If plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

Here, plaintiff does not seek monetary damages. His only request for relief is that his "record be expunged." ECF No. 1 at 5. Plaintiff does not cite to a specific underlying criminal case or cases in which he was convicted and would like expunged, but instead refers to "various summons" issued against him during a four-year period. Plaintiff states from 1997 to 2000 he "was arrested and incarcerated various times as a fugitive." Plaintiff, however, does not allege in his

complaint that he is currently incarcerated, nor does he allege he is on parole or under supervision.

Plaintiff's complaint appears to provide a residential address for his current place of residence.

28 U.S.C. § 2254 provides, in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person *in custody* pursuant to the judgement of a State court should not be granted unless it appears that --

28 U.S.C. § 2254(a)-(b) (emphasis added). According to the statute, a habeas petitioner must be in *custody* at the time he filed his petition. *See Lopez v. Heinauer*, 332 F.3d 507, 510 (8th Cir. 2003) (acknowledging custody requirement of the habeas statute); *Leonard v. Nix*, 55 F.3d 370, 372 (8th Cir. 1995) ("A petition for habeas corpus must be filed while the petitioner is in custody."). Consequently, to the extent the plaintiff here intended to bring this action pursuant to § 2254, as opposed to the "Civil Complaint" he filed, it must be dismissed as he has not met the threshold requirement of being "in custody" at the time he filed this instant action.

Moreover, to the extent plaintiff intended to bring the instant action pursuant to 42 U.S.C. § 1983, the complaint is legally frivolous as to defendant St. Louis County Courts because Missouri courts are not suable entities under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir.1999) (en banc) (§ 1983 suit cannot be brought against state agency), cert. dismissed, 529 U.S. 1001 (2000); *Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) ("courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment") (citation omitted); and *Flieger v.*

4

*Jefferson Cty. Court*, No. 4:07-CV-292-TCM, 2007 WL 1246840, at *2 (E.D. Mo. Apr. 30, 2007) (dismissing claim against Jefferson County Court as legally frivolous). Moreover, "a plaintiff does not have a constitutional right to expungement of his criminal records." *Priester v. Strada*, No. 4:11-CV-209 RWS, 2011 WL 529530, at *1 (E.D. Mo. Feb. 8, 2011).

Plaintiff's claims are also time-barred under 42 U.S.C. § 1983. To determine the applicable limitations period for § 1983 claims, federal courts borrow state statutes of limitations for general personal injury claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Missouri, the applicable limitations period for general personal injury claims is five (5) years. Mo. Rev. Stat. § 516.120(4). The conduct giving rise to the instant complaint allegedly took place over twenty years ago, between 1997 and 2000, and thus, this instant action is untimely. *See Lohman v. Kempker*, 34 Fedd. Appx. 514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to a cause of action under § 1983).

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

### Motion to Appoint Counsel

Plaintiff filed a motion for appointment of counsel. (ECF No. 3). This request will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of January, 2021.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

6